

**TENNESSEE DIVISION OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

**FILED**

January 20, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:05 PM

| Employee: Gail Burnette | ) | Docket No. 2014-02-0020 |
|---|---|---|
| | ) | |
| Employer: K-Mart Corporation | ) | State File No. 75706-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Order and Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims in the referenced case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order and Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 20th day of January, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Gail Burnette** | X | X | | | | P.O. Box 70213 Knoxville, TN 37938 |
| **C. Christopher Brown** | | | | | X | chris.brown@leitnerfirm.com |
| **Brian K. Addington, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**January 20, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:05 PM

Employee: Gail Burnette ) Docket No. 2014-02-0020
)
Employer: K-Mart Corporation ) State File No. 75706-2014
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Brian K. Addington, Judge )

---

**Affirmed and Remanded – Filed January 20, 2015**

---

## ORDER AND OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who claims to have injured her back lifting boxes while unloading a truck for her employer on August 20, 2014. The employer refused to provide benefits on the basis that the employee failed to show she suffered a work-related injury. Following an expedited hearing, the trial court denied the employee's request for medical and temporary disability benefits based on a finding that the evidence was insufficient to award such benefits. The employee has appealed. Having carefully reviewed the record, we affirm the decision of the Court of Workers' Compensation Claims.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley joined; Judge Timothy W. Conner not participating.

Gail Burnette, Knoxville, Tennessee, employee-appellant, *pro se*

1

C. Christopher Brown, Knoxville, Tennessee, for the employer-appellee, K-Mart Corporation

**Factual and Procedural Background**

Gail Burnette ("Employee"), a resident of Union County, Tennessee, was employed by K-Mart Corporation ("Employer") when she claims to have injured her back.[1] On October 7, 2014, Employee filed a Petition for Benefit Determination seeking medical and temporary disability benefits. In her petition, Employee described the nature of her work as "truck unloader" and indicated that she hurt her back on either August 20 or 21, 2014, lifting boxes while unloading a truck in Knoxville.[2] According to the trial court's order filed on December 26, 2014, Employee began suffering back pain the first week of August 2014, which was prior to her claimed injury, and she limited what she would lift at work.

On August 24, 2014, Employee went to the emergency room at the University of Tennessee Medical Center where she reported chronic back pain shooting down her legs. According to records from that visit, Employee denied any recent injury. A CT scan of her abdomen and pelvis was interpreted to be normal. Employee was taken off work for two days, advised to follow-up with her primary care physician, and instructed not to lift heavy objects until she saw her primary care physician. Employee provided this information to her supervisor on August 26 or 27, 2014, and the supervisor informed her that she needed to help unload a truck or go home. Employee elected to go home.

On September 2, 2014, Employee sought treatment at Cherokee Health Systems where she saw Matthew Beason, a nurse practitioner. Mr. Beason took employee off work that day and imposed lifting restrictions. In a letter dated December 9, 2014, Mr. Beason indicated Employee had been under his care for a lumbar strain and could not return to work until she saw a specialist.

On September 11, 2014, Employee returned to the University of Tennessee Medical Center complaining that she was having trouble urinating and had back and abdominal pain. According to records from that visit, Employee had previously been diagnosed with kidney stones on August 24, 2014, and she reported that her pain had not improved.

On October 7, 2014, Employer denied Employee's claim because she failed to demonstrate that her medical condition was work-related. Following unsuccessful

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have gleaned the factual background from the pleadings, exhibits introduced at the expedited hearing, and the trial court's order entered after the hearing.

[2] The Petition for Benefit Determination lists both August 20 and August 21, 2014, as the date of injury.

2

mediation efforts, a Dispute Certification Notice was issued and Employee sought an expedited hearing, which was conducted on December 18, 2014. At the hearing, Employee asserted she injured her back lifting heavy objects while unloading a truck. She acknowledged having a history of back pain and kidney stones, but claimed that the nature of her back pain had changed. She relied upon the note from Mr. Beason as proof that she suffered a back strain at work and needed further evaluation. For its part, Employer took the position that Employee failed to prove she suffered a work-related injury. Employer maintained that the medical records revealed Employee had chronic back pain and kidney stones unrelated to a work injury.

Following the expedited hearing, the trial court ruled that Employee reported a nonspecific injury, sought medical treatment on her own, and had kidney stones, chronic back pain, and a lumbar strain. However, because no medical provider linked Employee's condition to her work for Employer, the trial court denied benefits. Employee filed a timely notice of appeal on January 2, 2015. The record on appeal was submitted to the Appeals Board and a docketing notice was issued to the parties on January 13, 2015. For the reasons explained below, the trial court's decision is affirmed.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

In applying this standard, courts have construed substantial and material evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d

3

196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

As an initial matter, we note that Employee has chosen to proceed *pro se* throughout the proceedings in the trial court and on appeal, which is her prerogative. It is well-settled, however, that *pro se* litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, No. W2014-00100-COA-T10B-CV, 2014 Tenn. App. LEXIS 72, at *17 (Tenn. Ct. App. Feb. 13, 2014). As one court has observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014) (*quoting Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

With the foregoing in mind, we turn to the sufficiency of the record on appeal. Tennessee law is clear that the appealing party has the burden to ensure that an adequate record is prepared on appeal. As explained by one court,

> [t]he appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

*Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (citation omitted). *See also Jernigan v. Hunter*, No. M2013-01860-COA-R3-CV, 2014 Tenn. App. LEXIS 617, at *5 (Tenn. Ct. App. Sept. 30, 2014) ("It is the duty of the appellant to prepare a record which

conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal.").

Including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has observed, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at 7. *See also Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Dec. 21, 2012) ("Without a transcript or a statement of the evidence, we cannot review the evidence . . . ."); *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

In short, "[t]o the extent that resolution of the issues on appeal depend on factual determinations, the lack of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal." *Jernigan*, 2014 Tenn. App. LEXIS 617, at *6. *See also Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007) ("[a]n incomplete appellate record is fatal to an appeal"). It follows that a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell*, 2012 Tenn. App. LEXIS 894, at *10.

In the present case, the trial court noted that Employee was "very vague" in describing her injury and was unable to identify with "any specificity" what she was lifting when she purportedly hurt her back, the time she did so, or if anyone witnessed the event. The trial court also observed that the medical records admitted into evidence contained nothing to suggest Employee's medical condition was work-related. Thus, the trial court concluded that the evidence was insufficient to award medical or temporary disability benefits.

5

We have been provided with no record of any testimony taken during the expedited hearing which, according to the trial court's order, was relied upon by the trial court to resolve the issues. Moreover, no statement of the evidence has been filed by either party. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume that the trial court's rulings were supported by sufficient evidence.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Further, we find that the trial court's decision does not violate the standards set forth in Tennessee Code Annotated section 50-6-217(a)(2). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

6